**KEENE CORPORATION, Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants.**

**Now Styled**

**LIBERTY MUTUAL INSURANCE COMPANY, Cross-Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA,**

**Aetna Insurance Company,**

**and**

**The Hartford Insurance Company, Cross-Defendants.**

**Civ. A. No. 78–1011.**

United States District Court, District of Columbia.

Sept. 24, 1985.

Harold D. Murry, Jr., Clifford & Warnke, Eugene Anderson, Jerold Oshinsky, Arthur S. Olick, Washington, D.C., for plaintiff.

Dennis M. Flannery, Wilmer, Cutler & Pickering, Washington, D.C., Michael R. Gallagher, Thomas E. Betz, Gallagher, Shrap, Fulton, Norman & Mollison, Cleveland, Ohio, Frank W. Gaines, Jr., Robert L. Hoegle, Olwine, Connelly, Chase, O'Donnell & Weyher, Washington, D.C., Gerald V. Weigle, Jr., Dinsmore, Shohl, Coates & Depree, Cincinnati, Ohio, John F. Mahoney, Jr., James E. Rocap, Stephen L. Nightingale, John P. Arness, William J. Bowman, Hogan & Hartson, Washington, D.C., for defendants.

### ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on remand from the United States Court of Appeals for the District of Columbia Circuit.

On September 19, 1985, the appellate court granted plaintiff Keene Corporation's motion to dismiss its appeals of this Court's Order and Memorandum Opinion of November 19, 1984, 597 F.Supp. 946, and the Order of January 11, 1985, concerning defendant Insurance Company of North America's ("INA") continuing duty to defend. An Agreement Concerning Asbestos-Related Claims ("Wellington Agreement"), entered into on June 19, 1985, resolved the claims between the parties and rendered the appeals moot. Therefore, it is by the Court this 23rd day of Sept. 1985,

ORDERED that this Court's Judgment and Order entered November 19, 1984, and Order entered January 11, 1985, are vacated, the issues having been rendered moot pending appellate review, *United States v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); and it is further

ORDERED that all remaining claims of plaintiff against INA in this action are dismissed with prejudice, such claims to be resolved between the parties in accordance with the Wellington Agreement.